```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA                 :
                                         :     ORDER
v.                                       :
                                         :     22 CR 390-1 (VB)
GLENN GRIFFIN,                           :
                           Defendant.    :
--------------------------------------------------------x
```

On April 11, 2025, defendant Glenn Griffin submitted a "motion to amend or alter denial of defendant's motion to withdraw guilty plea" (Doc. #126) as well as a "memorandum of law in support of his motion to supplement and/or for reconsideration of the Court's opinion and order on defendant's motion to withdraw guilty plea." (Doc. #127).[1]

For reasons set forth below, the motion is DENIED.

I.  Procedural Issues

First, Griffin's motion is untimely and contains excessive pages. Local Criminal Rule 49.1(b) provides that "[a] motion for reconsideration of a court order determining a motion must be filed within 14 days after the court's determination of the original motion" and requires that the moving party submit "[a] memorandum, no longer than 10 pages in length, setting forth concisely the matters or controlling decisions that counsel believes the court has overlooked." On March 13, 2025, the Court issued its Opinion and Order denying Griffin's motion to withdraw his guilty plea, which was entered on the docket on March 14, 2025. (Doc. #117). Twenty-eight days later Griffin filed the instant motion for reconsideration. As such, the motion is untimely, and untimeliness is itself a basis for denial. See United States v. Lisi, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020). Moreover, Griffin's memorandum of law is fifteen pages in length—another violation of Rule 49.1(b)'s plain requirements.

In response to the government's emphasis on these procedural shortcomings, Griffin reminds the Court that it retains "the discretion to excuse an untimely filing where there is good cause to do so." (Doc. #130 at 1). According to Griffin, he has identified good cause for excusing his untimely and over-long filing. Griffin is correct to a certain extent; the Court <u>can</u> look past his procedural errors if it chooses, but it is not <u>required</u> to do so. See United States v. David, 2024 WL 4054359, at *4 (S.D.N.Y. Sept. 5, 2024).[2] Here, the Court declines to exercise its discretion to excuse Griffin's disregard for Rule 49.1.

---

[1] The Court assumes the parties' familiarity with these proceedings. To the extent relevant, this Order incorporates the factual and procedural background recited at length in the Court's Opinion and Order denying Griffin's motion to withdraw his guilty plea. (Doc. #117).

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Moreover, Griffin fails to identify any substantive issue warranting reconsideration of the Court's March 13 Opinion and Order. "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" United States v. David, 2024 WL 4054359, at *2 (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 108 (2d Cir. 2013)). As such, a motion for reconsideration "is not a vehicle for presenting new facts, issues, or arguments not previously before the court." United States v. Williams, 102 F.4th 618, 622 n.1 (2d Cir. 2024). At bottom, "[r]econsideration is an extraordinary remedy and is not a vehicle for relitigating old issues, presenting the case under new theories or otherwise taking a second bite at the apple." Simon v. United States, 2021 WL 242360, at *2 (S.D.N.Y. Jan. 25, 2021).

Griffin does not identify an intervening change of controlling law or the availability of new evidence. Rather, he advances an entirely new argument not previously before the Court. In a nutshell, he contends the plea allocution conducted by Magistrate Judge Reznik and accepted by the Court "failed to establish a sufficient factual basis to support" a finding that he properly pleaded guilty to the two conspiracy counts charged in the superseding information. (Doc. #127 at 1). Therefore, Griffin maintains the Court's acceptance of his guilty plea, and its previous disregard of the supposedly flawed plea allocution, "threaten[] the legitimacy of the conviction, and the integrity of the plea process itself." (Id. at 2).

Essentially, Griffin attempts for a second time to withdraw his guilty plea, this time by "presenting the case under [a] new theor[y]." Simon v. United States, 2021 WL 242360, at *2. Whereas in his original motion he contended his guilty plea was involuntary, he now argues it rested on an insufficient factual basis. Yet Griffin did not raise this argument in his original motion, despite quoting from the transcript of the change of plea hearing at length and relying on it to advance his other arguments. (Doc. #88 at 3–6). The Court will not allow Griffin to take a "second bite at the apple" simply by repackaging his central request—the withdrawal of his guilty plea.

Therefore, the motion must be denied as untimely and for failing to articulate a basis for reconsideration.[3]

II.    The Merits

Even on the merits, Griffin's motion fails.

---

[3] Because Griffin's failure to comply with Rule 49.1 and his failure to articulate a basis for reconsideration are sufficient grounds to deny his motion, the Court need not—and does not—consider the government's argument that the appellate waiver in Griffin's plea agreement bars him from bringing the motion.

A.     Factual Basis for the Guilty Plea

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." When conducting this inquiry, a court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." United States v. Albarran, 943 F.3d 106, 121 (2d Cir. 2019). "In making its factual-basis determination, the court is not required to rely solely on the defendant's own admissions, and indeed the district court may turn to statements 'of the defendant, of the attorneys for the government and the defense.'" United States v. Pattee, 820 F.3d 496, 509 (2d Cir. 2016) (quoting Fed. R. Crim. P. 11, Advisory Comm. Note (1974)).

The facts elicited at Griffin's change of plea hearing create a sufficient factual basis for the guilty plea.[4]

---

[4]     In addition to the instant motion, Griffin has also gestured at another argument in favor of withdrawing his guilty plea. In separate briefing, he wrote that a Second Circuit decision issued after the Court denied his motion to withdraw his guilty plea—United States v. Omotayo, 132 F.4th 181 (2d Cir. 2025)—illustrates the "important constitutional questions" he raised in his motion. (Doc. #120 at 2). In his original motion, Griffin argued he should be allowed to withdraw his guilty plea because prior defense counsel did not adequately discuss the potential weaknesses of an 18 U.S.C. § 1028A aggravated identity theft charge he was then facing, and the two-year mandatory minimum attached to that charge induced him to plead guilty. (Doc. #88 at 14). According to Griffin, the Second Circuit in Omotayo "further cast doubt on the applicability of" Section 1028A. (Doc. #120 at 2).

Even though Griffin does not include this argument in the instant motion, both he and the government have separately addressed the impact of United States v. Omotayo. (Docs. ##120, 122). Therefore, the Court takes this opportunity to briefly evaluate Griffin's emphasis on United States v. Omotayo and concludes that, for three reasons, that case does not alter the Court's conclusion vis-à-vis Section 1028A.

First, Griffin cannot escape the fundamental difference between this case and United States v. Omotayo: the Second Circuit there considered a district court's denial of a defendant's motion for acquittal pursuant to Fed. R. Crim. P. 29, not the denial of a defendant's motion to withdraw a guilty plea. The two scenarios require separate analyses; thus, this is not an apples-to-apples comparison. Here, the Court does not have the benefit of a developed trial record and therefore is in no position to decide whether United States v. Omotayo precludes a Section 1028A charge against Griffin.

Second, Griffin did not plead guilty to violating Section 1028A. As the Court already noted, Griffin has not pointed to a single case "in which a court allowed a defendant to withdraw a guilty plea based on a legal innocence challenge to a charge to which he did not plead guilty." (Doc. #117 at 35). Griffin elides this inconvenient reality by contending that United States v. Omotayo changes the valence of his motion to withdraw his guilty plea, but the Court will not follow him down that path.

First, as to Count One of the superseding information, conspiracy to commit bribery, Griffin himself admitted under oath that (i) he knew Robert Dyckman was an employee of the Town of Cortlandt, (ii) he paid a "bribe" to Dyckman in exchange for access to the Arlo Lane facility for the purpose of illegal dumping, and (iii) he knew his conduct was "wrong and illegal." (Doc. #67 ("Guilty Plea Hr'g") Tr. 40–41). Through counsel, Griffin did not contest the jurisdictional elements of the conspiracy charge. (Id. at Tr. 42). Importantly, a defendant's participation in a conspiracy can be established by inference, United States v. Hild, 644 F. Supp. 3d 7, 25 (S.D.N.Y. 2022), and Griffin's statements and admissions through counsel gave the Court grounds to infer a factual basis for every element of the charged offense, United States v. Pattee, 820 F.3d at 509. Of course, the record here contained more than just Griffin's statements; it also included text messages, described by the government at the change of plea hearing and recited in the superseding information, that showed Griffin discussing the unauthorized dumping at Arlo Lane with his co-conspirator Dyckman, their efforts to conceal the scheme from others, and their agreement that Griffin would pay Dyckman in exchange for unauthorized access to Arlo Lane. (Guilty Plea Hr'g Tr. 31). The combined weight of Griffin's statements and the text messages referenced by the government easily meets the threshold necessary for the Court to find a sufficient factual basis as to Count One.

The same applies to Count Two—conspiracy to commit wire fraud in relation to the bid-rigging scheme. Again, Griffin allocuted to conduct that satisfied the elements of the charge. Specifically, he admitted that (i) he "ask[ed] other people to put in some bids," (ii) he "cause[d]," by himself or others working at his direction, the submission of "sham proposals" on behalf of unknowing competitors to the Town of Croton schools, (iii) he did not disclose to the victim entities that the sham proposals were submitted by him or at his direction, (iv) he knew he would not have been awarded the projects had he disclosed the bids were all coming from him, and (v) he knew his conduct was wrong and illegal. (Guilty Plea Hr'g, Tr. 35, 41). Griffin also admitted to using emails when committing this conduct (Id. Tr. 42–43), which is sufficient to satisfy the jurisdictional element of interstate commerce, United States v. McGinn, 787 F.3d 116, 122 (2d Cir. 2015). The record also included the government's proffer that, among other things, Griffin solicited a sham bid from a co-conspirator. (Guilty Plea Hr'g, Tr. 32). Considered as a whole, Griffin's admissions and the statements of the government's attorney allowed the Court to infer the existence of the charged conspiracy. United States v. Pattee, 820 F.3d at 509; United States

---

Third, even assuming the direct applicability of United States v. Omotayo, it is clearly distinguishable from the allegations here. The Second Circuit there reversed the defendant's Section 1028A conviction because the fraudulent invoice at issue was only an unused "backup" option for the defendant and his co-conspirators; they never actually deployed it in service of the fraud, and a Section 1028A conviction can stand only if the use of the personal identifying information goes to the "crux" of the fraud. United States v. Omotayo, 132 F.4th at 203. In contrast, here, Griffin allegedly submitted or caused others to submit a sham bid proposal prominently featuring the personal identifying information of two company executives. (Doc. #104-1). As such, at least according to the government's allegations, that use of the personal information went directly to enhancing the apparent authenticity of the proposal—which was a key component of the alleged bid-rigging scheme.

4

v. Hild, 644 F. Supp. 3d at 25.  Thus, there was more than an adequate record for the Court to find a sufficient factual basis to accept Griffin's guilty plea as to Count Two.

      B.      Griffin's Arguments

Griffin's arguments to the contrary are unpersuasive.  Griffin emphasizes that, in his initial allocution to Judge Reznik, he made statements "repeatedly reject[ing] the notion that he entered into an unlawful agreement."  (Doc. #130 at 2–3).  According to Griffin, his statements "reflect a misunderstanding or rejection of the legal characterization of his conduct, casting doubt on whether the plea was entered knowing and voluntarily."  (Id. at 3).

As an initial matter, the Court has already determined that Griffin's plea was made knowingly and voluntarily, and that holding will not be revisited.  (Doc. #117 at 31).  Moreover, as Griffin himself notes, Judge Reznik did recognize that Griffin's initial answers did not "suggest that he acted knowingly and willingly with respect to these allegations in Counts One and Two."  (Guilty Plea Hr'g Tr. 37).  That is exactly why Judge Reznik called the second recess, during which Griffin conferred with his attorney and after which Griffin made the admissions that formed the partial basis for the Court's conclusion that a factual basis for his guilty plea existed.  Griffin's invocation of cases in which a defendant never allocuted to the charged offense, see United States v. Adams, 448 F.3d 492, 499 (2d Cir. 2006), or in which the defendant denied a key element of the charged offense, see United States v. Garcia, 587 F.3d 509, 518 (2d Cir. 2009), is therefore unavailing.  Simply put, Griffin's initial hesitation and half-denials were ameliorated by the crystal clear admissions he made after the second recess.

Griffin also attempts to inject an improperly heightened standard into the Rule 11 analysis.  He contends his admissions (made after the second recess) are insufficient to form a factual basis under Rule 11 because they largely came in the form of "one-word affirmations to questions" posed by his attorney, which did not prove his intent.  (Doc. #130 at 3).  But Griffin is mistaken—Rule 11 does not require that a defendant provide an extensive narrative in order for a court to determine the existence of a sufficient factual basis for the guilty plea.  Rather, a court can consider the statements of the defendant, defense counsel, and the government, and those statements can come in any form, one-word or otherwise.  United States v. Pattee, 820 F.3d at 509.  Also, the fact that Griffin did not expressly allocute to entering into a conspiracy does not negate his plea.  As discussed, a court can infer the defendant's knowing participation in a conspiracy from the admissions and statements a defendant makes, United States v. Hild, 644 F. Supp. 3d at 25, and Griffin's admissions to bribing Dyckman and working with others to submit sham bids established the existence of the two charged conspiracies.

In sum, "were a jury to accept as fact the statements described by the government and admitted by [Griffin] at [his] change-of-plea hearing, a guilty verdict would follow."  United States v. Albarran, 943 F.3d at 121.  "Rule 11's requirement that the court assess the factual basis for a plea requires no more."  Id.

5

## CONCLUSION

The motion is DENIED.

This case will proceed as previously ordered by the Court in its Order of April 1, 2025. (Doc. #123).

The Clerk is instructed to terminate the motion. (Doc. #126).

Dated: April 24, 2025
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge