```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                               :

UNITED STATES OF AMERICA

                               :     **PRELIMINARY ORDER OF**

         - v. -                  **FORFEITURE/**

                               :     <u>**MONEY JUDGMENT**</u>

GLENN GRIFFIN,

                               :     S1 22 Cr. 390 (VB)

         Defendant.

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about August 26, 2024, GLENN GRIFFIN (the "Defendant"), was charged in a two-count Superseding Information, S1 22 Cr. 390 (VLB) (the "Information"), with conspiracy to commit bribery, in violation of Title 18, United States Code, Sections 371 and 666(a)(2) (Count One); and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 371 and 1343 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about August 26, 2024, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a total sum of money

equal to $220,000 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, with $170,000 representing proceeds traceable to the commission of the offense charged in Count One of the Information, and $50,000 representing proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Government seeks a money judgment in the amount of $220,000 in United States currency, with $170,000 representing the amount of proceeds traceable to the offense charged in Count One of the Information and $50,000 representing proceeds traceable to the commission of the offense charged in Count Two of the Information, all of which the Defendant personally obtained; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.    As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $220,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant GLENN GRIFFIN,

and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

6/11/2025
_____
DATE