UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/25
```

UNITED STATES OF AMERICA,

                Judgment Creditor,

v.

GLENN GRIFFIN,

                Judgment Debtor.

22-CR-0390-01 (VB)

**STIPULATION AND ORDER TO STAY EXECUTION OF MONETARY PENALTIES PENDING APPEAL**

WHEREAS the Court entered judgment against Glenn Griffin on June 11, 2025, which imposed the following criminal monetary penalties: $200 special assessment, $50,000 fine, $220,000 forfeiture, and $2,400,000 restitution, totaling $2,670,200;

WHEREAS post-judgment interest accrues on the unpaid fine and restitution at the rate of 4.09% pursuant to 18 U.S.C. § 3612(f), while no interest accrues on the assessment and forfeiture amounts imposed;

WHEREAS Griffin has filed or intends to file a notice of appeal his conviction and sentence, including the criminal monetary penalties imposed;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(d) and 38(c), (e), the United States of America ("the Government") has demanded that Griffin post an appeal bond or deposit funds into the court registry and with the United States Marshal for a stay of execution of the criminal monetary penalties imposed by the judgment pending appeal;

WHEREAS the Government and Griffin have agreed to stay execution of the criminal monetary penalties on the following terms;

IT IS HEREBY STIPULATED AND AGREED, by and between the Government, through Jay Clayton, United States Attorney for the Southern District of New York, and Griffin, through his attorneys, Windels Marx Lane & Mittendorf, LLP, that:

1. Griffin shall, within 35 days of the signed execution of this agreement, make the following payments to stay execution of the judgment:

    a. Payment of $2,450,000 to the Clerk of Court to cover the special assessment, fine, and restitution; and

    b. Payment of $220,000 to the United States Marshal's Service to cover the forfeiture money judgment.

2. Upon proof of payment, the Government's execution of each criminal monetary penalty is stayed until the conclusion of the appeal and all proceedings on remand, if any, such that the Government shall refrain from taking steps to enforce the judgment debts due to the funds deposited by Griffin.

3. The Government is granted and shall maintain a first lien on the deposited funds superior to any other, in addition to the lien already in existence, and effective since the date of judgment pursuant to 18 U.S.C. 3613(c) (fine and restitution) and 21 U.S.C. § 853(c) (forfeiture).

4. The Clerk of Court shall deposit and hold the funds in an interest-bearing account, pursuant to 28 U.S.C. §§ 2041, 2045, until the conclusion of the appeal and all proceedings on remand, if any. The United States Marshal's Service shall deposit and hold the funds in the Seized Asset Deposit Fund pending further disposition, pursuant to 21 U.S.C. § 853(h).

5. In the event that the judgment is affirmed, in whole or in part, the Clerk of Court and the United States Marshal's Service shall apply the deposited funds to the criminal monetary penalties in accordance with the appellate decision and 28 U.S.C. § 2042 or 21 U.S.C. § 853(p). However, should Griffin or the Government seek a rehearing by the Second Circuit or the Supreme Court,

the deposited funds will remain in the court's registry and with the United States Marshal's Service, and the *status quo* shall be maintained, until the exhaustion of the appeal.

6. This Stipulation and Order may be executed in counterparts, which, when taken together, shall constitute one agreement with the same force and effect as if all signatures had been entered contemporaneously.

7. This Stipulation contains the entire agreement between the Government and Griffin about the criminal monetary penalties in the above-captioned case.

8. Each party shall bear its own legal fees and other costs incurred in this matter.

9. The district court shall retain jurisdiction to enforce this Stipulation and Order, and to amend it as necessary, pursuant to 28 U.S.C. § 1651 and Fed. R. Crim. P. 32.2 and 38.

ACCEPTED AND AGREED TO IN ALL RESPECTS:

JAY CLAYTON
United States Attorney for the
Southern District of New York

| | |
|---|---|
| */s/ Melissa A. Childs* | */s/ Jeffrey C. Hoffman (agreed by email)* |
| MELISSA A. CHILDS | JEFFREY C. HOFFMAN, ESQ. |
| DAVID R. FELTON | GABRIEL ALTMAN, ESQ. |
| JAMES F. McMAHON | MARKY A. SUAZO, ESQ. |
| Assistant United States Attorneys | Windels Marx Lane & Mittendorf, LLP |
| 86 Chambers Street, 3rd Floor | 156 West 56th Street |
| New York, NY 10007 | New York, New York 10019 |
| *Attorney for United States of America* | *Attorney for Glenn Griffin* |
| Date: July 16, 2025 | Date: July 16, 2025 |

GLENN GRIFFIN
*Judgment Debtor*
Date: _____

SO ORDERED: ~~[signature line crossed out]~~

_____
UNITED STATES DISTRICT JUDGE

JAY CLAYTON

United States Attorney for the

Southern District of New York

_____

| | |
|---|---|
| MELISSA A. CHILDS | JEFFREY C. HOFFMAN, ESQ. |
| DAVID R. FELTON | GABRIEL ALTMA, ESQ. |
| JAMES F. McMahon | MARKY A. SUAZO, ESQ. |
| Assistant United States Attorneys | Windels Marx Lane & Mittendorf, LLP |
| 86 Chambers Street, 3rd Floor | 156 West 56th Street |
| New York, NY 10007 | New York, New York 10019 |
| Attorney for United States of America | Attorney for Glenn Griffin |
| Date: _____ | Date: 7-10-25 |

_____

GLENN GRIFFIN

Judgment Debtor

Date: _____

SO ORDERED:

_____   July 17, 2025

UNITED STATES DISTRICT JUDGE

{12476104.2}